1. EXECUTOR—CARRYING ON BUSINESS—LIABILITY OF ESTATE.
    Where an executor is authorized by will to continue the business, his judgment creditor can subject to his merchandise debt only such of the assets of the testator as were invested in his business at his death.

2. SAME—FRAUDULENT REPRESENTATIONS.
    A claim that an executor, carrying on the business of his testator under the will, made fraudulent representations as to the value of the estate to obtain credit, gives no right of action against the estate, but only against the executor personally.

3. SAME—REVOCATION OF LETTERS.
    Where an executor alleges that he could not account because a general assignment made by him had left all the books and papers in the hands of a general assignee, the letters of the executor will be revoked, and the creditor allowed to apply for the appointment of an administrator to proceed against the fund which had been used in the business.

In the matter of the judicial settlement of the accounts of Agnes K. Hickey and Maria Hickey, as executrices of Patrick V. Hickey, deceased.

John J. Murphy and Theron G. Strong, for petitioner.
John R. Kuhn, for executors.

ABBOTT, S. The material facts in this application are undisputed. Patrick V. Hickey died in the year 1889, leaving a will by which

he gave all of his property, after payment of his debts, to his wife, Agnes K. Hickey, in case she survived him. The will also contained a provision authorizing his executors "to continue my present business, or to wind up and sell and dispose of the same according to their best judgment." In case testator's wife did not survive him, the testator gave his residuary estate to trustees for purposes specified. He appointed as executors his wife, Agnes K. Hickey, his sister Maria Hickey, and two other persons, who did not qualify. At the time of his decease the testator was carrying on the business of the publications of the Catholic American and Catholic Review. So far as appears, all debts due by the testator at the time of his decease were paid by his executors in the due course of administration, and the business of the publication of the periodicals in question came into the possession of Agnes K. Hickey as residuary legatee, and the business was thereafter carried on in the name of Patrick V. Hickey, or the estate of Patrick V. Hickey, although actually owned by Mrs. Hickey.

The provision of the will authorizing the carrying on of the business by the executors was clearly made in contemplation of the possibility of the decease of Mrs. Hickey before that of her husband. Such a provision was entirely superfluous in case Mrs. Hickey survived her husband, as she would then take the business as a part of the residuary estate, and would thus have the absolute right to continue the business if she chose, without regard to any authority conferred by the terms of the will. As a matter of fact, the business was continued, and the petitioner "between the 29th day of April, 1895, and the 22d day of October, 1898," sold paper for use in printing the above-mentioned periodicals of the value of $3,166.70, for the recovery of which sum an action was brought in the supreme court, and on January 15, 1900, a judgment was recovered against Agnes K. Hickey and Maria Hickey, as executors, etc., of Patrick V. Hickey, deceased, for the sum of $3,531.73. I am, of course, concluded by this judgment in so far as it adjudges that the petitioner has a valid claim against the executors, but not in matters pertaining to the enforcement of the claim by a proper marshaling of the assets of the estate, and the adjustment of the rights of the various classes of creditors. I must therefore hold that Agnes K. Hickey and Maria Hickey in their capacity of executors are indebted to the petitioner in the sum of $3,-531.73 on account of sales made to them in the conduct of the business under the authority granted to them by the will. The fact of the recovery of the judgment implies knowledge of the provisions of the will and of the terms of the power. The first item for which the recovery was obtained was sold more than six years after the probate of the will. The rule is well settled in this state that, when a business is carried on by executors under a power contained in a will, only those assets of the estate which were already invested in the business at the time of the testator's decease will be subject to the hazards and risks of the business. Railroad Co. v. Gilbert, 44 Hun, 201, affirmed in 112 N. Y. 673, 20 N. E. 416; In re Sharp, 5 Dem. Sur. 516; Willis v. Sharp, 113 N. Y. 586, 21 N. E. 705, 4 L. R. A. 493; Redf. Sur. Prac. (5th Ed.) 491.

It is not alleged or contended that any part of the testator's property which was invested in the business at the time of his decease has been in any manner diverted from business and appropriated by the legatee. On the contrary, the petitioner seeks to have other assets of the testator, including a parcel of real property, accounted for in the proceeding, and in some way applied to the payment of his claim. To this he is not entitled.

The petition contains some allegations of representations made by Maria Hickey concerning the value of the business, apparently made for the purpose of obtaining credit. With this I have no concern. If the facts be as stated, they may constitute a cause of action against Maria Hickey for fraud, but this court has no jurisdiction to deal with the subject.

I am of the opinion that the petitioner is entitled to a share of the assets of the business in common with other creditors of the business, and that he can proceed either in the assignment proceedings or in this court, at his election. He has elected to proceed in this court, and is entitled to a full accounting of the transactions of the business by the executors. The executors answer that on account of the general assignment they are unable to render any accounting of the business, as the data for such an accounting is in the hands of the assignee. The petitioner should not on this account be deprived of all remedy which he may have against the business fund. I therefore direct that the executors' letters testamentary be revoked, so that the petitioner may procure the appointment of an administrator with the will annexed, through whom proper proceedings may be instituted against the business fund.

Decreed accordingly.