widow, and accumulate for her property that she could dispose of by her will, would he have expressed his intention in the language found in this will? Or would he have created that estate in simple language that alone would be necessary to give her an independent estate of her own? It seems to me that his effort to have his wife supported out of the income of his estate, and, feeling that that might not be sufficient, then providing she draw upon the principal, and his effort to put that in language so as to make that intention effectual, as the language was evidently his own, creates the ambiguity that we find here. From the will I cannot escape the irresistible conclusion that the testator intended, first, that his wife should be properly supported and maintained from his estate, even to the extent of using all of it, if it were necessary to properly support and maintain her in her station in life; but, that having been accomplished, the other objects of his bounty, namely, his own blood relatives, were to have the enjoyment of any balance that remained, including both the designated legacies and the residuum of the estate. It seems clear to me that the testator intended that his wife should have the entire use of his real and personal property for her support and maintenance during her life, and, if that was insufficient for her necessary support, to draw upon the principal. If that was not his purpose, it was entirely superfluous to add the words "during her life" to the provision that she have the use of the real and personal property as an independent and separate legacy, from the other provision that she be supported from the corpus of the estate.

The provision of the will as to the wife is construed so that she will have the use of testator's estate for her maintenance and support during her natural life, and, if the use and income is insufficient to properly support and maintain her in her station in life, that so much of the principal as may be necessary may be used for that purpose. The executor to be allowed his commissions, expenses, and disbursements up to this time, and the attorney for the executor to be allowed and paid from the estate his necessary expenses and disbursements, and $25 allowed by statute for making of the account and $10 per day for each day spent in the preparation, trial, argument, and contest in these proceedings, and in preparing the decree. The special guardian is allowed $50, payable out of the estate. Let a decree be prepared accordingly.

Decreed accordingly.

---

(53 Misc. Rep. 200.)

### In re KEMPF'S ESTATE.

(Surrogate's Court, Kings County. February, 1907.)

EXECUTORS AND ADMINISTRATORS—CONTINUING BUSINESS OF DECEDENT.

Testatrix provided for the continuing of her business after her death and her executor and executrix entered into an agreement by which the executor was to manage the business as he had in the lifetime of the testatrix, and be paid the same compensation therefor, and he continued to manage the business to the advantage of the estate. *Held*, that the arrangement would be upheld.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 22, Executors and Administrators, §§ 407, 408.]

In the matter of the judicial settlement of the estate of Marianne Kempf, deceased.   Decree rendered.

Henry Fuehrer, for petitioner.
Leopold Blumberg, for general guardian.

CHURCH, S.   There is no present necessity for the determination of the time at which the various estates vest under the will in question, and I shall not now consider them.   The moneys paid to the executrix for the support and maintenance of the infants appeared to have been all expended.   The fact that in certain of her duties she has paid the moneys to the estate does not justify her in demanding they should be repaid to her.

The arrangement that the executor, in carrying on the business, should be paid a commission based upon the amount of the business, is, perhaps, a somewhat unusual one; but there is nothing showing its impropriety.   The executor has evidently managed this business with rare skill, as the net value of the estate has more than doubled in his hands.   He states positively that the amount which he has been paid is precisely the sum he was receiving from the deceased during her lifetime when he was managing the business.   The executrix herein presumably had fair access to the books and an opportunity to disprove this statement, if it was untrue.   As she has not done so, it seems proper to assume that, when the deceased permitted the executor to continue the business, she meant that he should receive the same compensation for its conduct as executor as he had received from her as an employé.

The commissions to the executor and the executrix will be fixed in accordance with the decision of the Court of Appeals in Beard v. Beard, 140 N. Y. 260, 35 N. E. 488.   Account confirmed.

Decreed accordingly.