JOHNSON v. PHŒNIX BRIDGE CO.

(Supreme Court; Special Term, Erie County.    February, 1910.)

1. PROCESS (§ 6*)—SERVICE OF AMENDED SUMMONS—NECESSITY.
    The only purpose of a summons is to bring defendant into court, and, having been served and action commenced, it is unnecessary to serve a new or amended summons with the complaint, changing the character in which plaintiff sues from a representative to an individual capacity.
    [Ed. Note.—For other cases, see Process, Cent. Dig. § 5; Dec. Dig. § 6.*]

2. PLEADING (§ 336*)—SERVICE OF AMENDED COMPLAINT.
    Plaintiff, moving for an order to permit service of an amended complaint, having served a copy with her motion papers, such amended complaint should stand as such, and be treated as served on the date of the order entered for plaintiff, with leave to defendant to plead thereto within 20 days.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 1019; Dec. Dig. § 336.*]

Action by Mary E. Johnson against the Phœnix Bridge Company. On motion by plaintiff for an order permitting service of an amended complaint. Leave granted, without requiring an amended summons to be served.

See, also, 90 N. E. 953.

E. L. Dolson, for plaintiff.
D. J. Kenefick, for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

BROWN, J. The defendant does not object to the service of the amended complaint, but does insist that there must be served with the amended complaint a summons conforming to the provisions of an order amending the original summons served in March, 1908, which original summons stated the title of the action to be "Mary E. Johnson, as Administratrix of the Goods, Chattels, and Credits of John E. Johnson, Deceased, Plaintiff, v. Phœnix Bridge Company, Defendant." By order of the Special Term, entered March 29, 1909, it was provided: It is further ordered that the summons in the above-entitled action be and the same hereby is amended by striking from the title thereof the words, "as administratrix of the goods, chattels, and credits of John E. Johnson, deceased." This provision of such order was reversed by the Appellate Division. The order of reversal by the Appellate Division was modified by the Court of Appeals, so as to affirm said order of the Special Term, so far as it amends the summons and complaint, by changing the action from one by Mary E. Johnson in her representative capacity to one by Mary E. Johnson in her individual capacity, and, as so modified, affirmed.

It is now contended by defendant that the summons as amended must be served upon defendant to give effect and validity to the same and create an action wherein Mary E. Johnson in her individual capacity is the plaintiff. This contention seems to overlook the positive language of the order. The summons served upon the defendant was amended March 29, 1909, by striking therefrom certain words. The order of the Special Term was self-executing. It is very apparent that the only purpose of amending the served summons was to preserve the existence of the pending action, and not to destroy it by requiring another action to come into existence by subsequent service of the amended summons. The Court of Appeals, considering the effect of the Special Term order striking out the words "as administratrix," etc., from the summons, states that such act "leaves the action to continue in the name of Mary E. Johnson, the widow, as an individual plaintiff."

The only purpose of a summons is to bring the defendant into court. The summons having been served on the defendant, an action having been commenced, the character in which plaintiff sued having been changed from a representative to an individual capacity, leaving the action thus commenced to continue in the name of plaintiff as an individual, it would seem to serve no useful purpose to require a new or amended summons to be served. Such service being entirely unnecessary, there being an action already pending, plaintiff will not be required to make such service.

The plaintiff having served a copy of her amended complaint, verified February 7, 1910, with her motion papers, such amended complaint should stand as the amended complaint herein, and be treated as served on the date of the order to be entered herein, with leave to the defendant to plead thereto within 20 days.