HELLING v. BOSS et al.

(Supreme Court, Special Term, Monroe County.　March 21, 1910.)

1. LIMITATION OF ACTIONS (§ 125*)—AMENDMENTS—CHANGE OF PARTIES.

Under the rule that the court may permit an amendment changing the capacity in which defendants are sued even if an action is barred by limitations, plaintiff, in a suit against defendants as executors, may, after the running of limitations, convert the action into an action against the defendants individually as to those defendants personally served with process, but not as to a defendant not served.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 542; Dec. Dig. § 125.*]

2. MUNICIPAL CORPORATIONS (§ 122*)—PLEADING MUNICIPAL ORDINANCES.

A municipal ordinance, to be availed of, must be pleaded by being set forth, and a mere allegation that one erecting a building failed to comply with municipal ordinances, whereby the building was rendered unsafe for occupancy by tenants, is insufficient to admit proof of a violation of any particular ordinance.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 281–283; Dec. Dig. § 122.*]

3. STATUTES (§ 280*)—PLEADING—PRIVATE ACTS.

A private statute, to be availed of, must be pleaded, and under Code Civ. Proc. § 530, it is sufficient to designate it by chapter, year of passage, and title, without setting forth any of its contents.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 379; Dec. Dig. § 280.*]

4. LANDLORD AND TENANT (§ 169*) — INJURY TO TENANT — ACTIONS — COMPLAINT.

A complaint, in an action for the death of a tenant by fire in a building, which alleges a failure to comply with municipal ordinances in the erection of the building, whereby it became unsafe for occupancy by tenants, because of the failure to provide proper means of exit or suitable light and air shafts or fire escapes, does not allege the existence of hidden defects not discoverable by every one who goes into the building, but shows that the defects are of such a character that both the tenant and the owner must have known thereof, and states no cause of action against the owner.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 644; Dec. Dig. § 169.*]

5. EXECUTORS AND ADMINISTRATORS (§ 119*)—TORTS—INJURY TO TENANT.

Where one who erected a building, unfit, by reason of defects, for occupancy by tenants, did not lease the building, but his executors leased it, and the tenant was killed by fire in the building because of the failure of the executors to make necessary alterations to make the building safe or to attach proper fire escapes, and because of the negligence of their servants in permitting oily rags to be left in such a place as to cause the fire, the executors were not liable in their official capacity, but were only liable in their individual capacity, though it was alleged that the building as constructed was a nuisance, since the claim of nuisance could be supported only in connection with the use to which the property was put.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 483; Dec. Dig. § 119.*]

6. PARTIES (§ 59*)—AMENDMENTS—CHANGE OF PARTIES.

Where, in an action against defendants as executors for the death of a tenant by fire in a building of testator, plaintiff sought to amend the complaint so as to sue defendants both individually and as executors,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and also to sue them as ·trustees of testator, but he did not show what interest in the property was given to the executors under the will, so that it could not be determined whether defendants had the legal title by virtue of an express trust, or whether the heirs or devisees of testator were the owners of the property, and so liable for its condition, the court would not permit the amendment with a view of continuing the action against the executors in the capacity of trustees, nor would it make an order for the amendment of the complaint to substitute defendants individually as the sole defendants because that was not the relief asked.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 93, 94; Dec. Dig. § 59.*]

Action by Louis Helling, as administrator of Elizabeth Helling, deceased, against Jacob Boss and others, as executors of Abraham Boss, deceased. Motion by plaintiff to amend the title of the action in the summons, complaint and other pleadings, so as to name the defendants Jacob Boss and Emma Boss as defendants individually as well as executors, and so as to add after the description of all the defendants as executors, the following: "and as trustees of the estate of Abraham Boss, deceased"—and for leave to serve an amended complaint, copy of which is attached to the motion papers. Denied.

Rolison S. Bostwick, for the motion.
A. W. Curtis, opposed.

FOOTE, J. The plaintiff's intestate, who was his wife, was killed by a fire occurring in apartments in a building on North street in the city of Rochester, on the 25th day of July, 1906. On the 19th of October, 1907, having been appointed her administrator, he commenced this action for damages on account of her death against the defendants as executors of the estate of Abraham Boss, alleging that at the time of her death and for upwards of a year prior thereto she had occupied these apartments under lease from the defendants, and that the fire in the building which caused her death was caused by the negligence of an agent or employé of the defendants in leaving oily rags about the building in which the fire started, and alleging generally the negligence of the defendants in failing to furnish deceased a reasonably safe place in which to live, to adopt proper rules and regulations for the management of the premises, in failing to inspect, whereby the building became unsafe and untenantable, and that no proper means of exit was provided or maintained, or suitable light and air shaft or fire escape as required by the city ordinance.

The cause has been at issue for over two years, and has been on the calendar for trial during most of that time. Plaintiff's attorney having discovered that the liability, if any, for the acts alleged in his complaint, was against the defendants personally, and not in their representative capacity as executors, has made this motion to amend so as to describe the two defendants who were personally served as being sued individually as well as executors, and to add·to the description of all the defendants the further designation "as trustees of the estate of Abraham Boss, deceased," and for leave to serve an amended complaint setting up substantially the same facts alleged in the original complaint, and

further facts, as follows: (1) That the defendants were, by the will of Abraham Boss, appointed trustees of his estate. (2) That the property where plaintiff's intestate was burned to death was a part of the estate of Abraham Boss, deceased. (3) That Abraham Boss built this building in his lifetime, and that he failed to construct it in accordance with the ordinances of the city of Rochester, in respect to fire escapes, light shafts, etc., whereby it was unsafe to be occupied by tenants, and without the permission of the fire marshal. (4) That ever since the admission of the will of Abraham Boss to probate in 1902, the defendants have managed and controlled the property in accordance with the provisions of the will. (5) That plaintiff's intestate came to her death by the negligence of Abraham Boss and the negligence of the defendants. (6) For a second cause of action: That the condition of the building was such as to be extremely unsafe and dangerous for tenants in respect to the manner in which it was constructed on account of the absence of suitable fire escapes, scuttles, and means of egress in violation of the city ordinances, and in the way in which it was maintained in that respect so as to have become and been a nuisance.

The motion is opposed on the ground of laches, defendants claiming to have lost the benefit of one witness who has died and of another who has disappeared, whose testimony would tend to show that plaintiff's intestate was intoxicated at the time of the fire, but for which she might have escaped injury, and the contention of defendants' counsel is that, believing that he had a sufficient defense to the action in that the liability, if any, was against the defendants personally, and not as executors, he refrained from pressing the case to a speedy trial as he would otherwise have done to avail himself of the testimony of these witnesses before it was too late. There is much force in defendants' position on this point; still their counsel was not entirely justified in assuming that no effort would be made to change the form of the action so as to seek to hold defendants to personal liability. He was evidently laboring under the erroneous impression that after the three-years statute of limitation had run plaintiff would be unable to convert the action into one against the defendants individually, which turns out to be true as respects the defendant Mary A. Zoller, who was not served with process, but not so as to the other defendants.

It is the settled law in this state that this court has the power to permit an amendment changing the capacity in which the defendants are sued, even after it will be too late to bring such an action by reason of the statute of limitations. In the case of Boyd v. U. S. Mortgage & Trust Co., 187 N. Y. 262, 79 N. E. 999, 9 L. R. A. (N. S.) 399, 116 Am. St. Rep. 599, it was held that an amendment was properly allowed at the Special Term striking out the words "as substituted trustee under the will of Matthew Burns, deceased," after the name of the defendant the United States Mortgage & Trust Company, so as to convert the action into one against this defendant individually, although at the time this order was made the three-years statute of limitations had run so that the plaintiff could not have sustained a new action against the defendant individually for the same cause of action, being an action of negligence for personal injuries. And in Johnson v.

Phœnix Bridge Co., 90 N. E. 953, 121 N. Y. Supp. 699, a similar amendment was allowed and sustained by which the action in favor of the plaintiff as administratrix was converted into one in her individual capacity, where the statute of limitations would have prevented a new action in her name for the same cause. The power to allow this amendment being thus undoubted, it would seem that this is as proper a case for its exercise upon proper terms as were either of those just cited.

But the plaintiff is not content with converting this action into one against the defendants as individuals, but wishes to continue the case against the defendants both individually and in their representative capacity, and he claims to have alleged facts from which a recovery may be had against the defendants in both capacities, or to have brought the case within the provisions of section 1815 of the Code, which provides that an action may be brought against an executor or administrator personally and also in his representative capacity (1) where the complaint sets forth a cause of action against him in both capacities, or states facts which render it uncertain in which capacity the cause of action exists against him; and (2) where the complaint sets forth two or more causes of action against the defendant in different capacities, all of which grow out of the same transaction or transactions connected with the same subject of action.

I am satisfied that the complaint which plaintiff now wishes to serve does not state a cause of action against the defendants in their representative capacity. It alleges in general terms that the defendants' testator Abraham Boss, erected this building himself, and that he failed to comply with certain provisions of the building ordinances of the city of Rochester, whereby the building was rendered unsafe for occupancy by tenants. No particular building ordinance is pleaded, and unless great and unusual latitude were permitted at the trial, the plaintiff under this complaint could not give in evidence any particular municipal ordinance, for, like private statutes, municipal ordinances to be availed of must be pleaded. Harker v. Mayor, 17 Wend. 199; People v. Mayor, 7 How. Prac. 81; Moak's Van Santvoord's Pleadings (3d Ed.) 436. A private statute may be pleaded by reference to its title and chapter and the year of its passage, but this is because of section 530 of the Code, which permits it. There is no such provision for pleading municipal ordinances, and I see no escape from the conclusion that such ordinance, to be availed of in a pleading, must be set forth at large.

The plaintiff is not, therefore, in a position under the proposed complaint to prove that Abraham Boss violated any particular city ordinance, but beyond this it is not alleged that any of these defects were hidden or secret defects not discoverable by every one who went into the building; but the defects are of such a character that both defendants and plaintiff's intestate and plaintiff himself, who occupied these apartments part of the time with his wife, must, in the nature of things, have known all about them. So the case is not what it might have been if Abraham Boss had constructed an unsafe structure by defects and faults which were hidden from view, knowing the use that

the building was likely to be put to and the danger to tenants unaware of those defects, and not able to discover them by ordinary inspection. The cause of action stated upon this subject is rather one against the defendants as individuals for inviting or permitting the occupation of this building by tenants, particularly by plaintiff's intestate, knowing the condition that it was in and knowing that on account of the manner in which it was built there was danger to the tenants in permitting them to occupy it as such. Abraham Boss made no contract with plaintiff's intestate. He did not invite her to become a tenant of the building, and it may be assumed that had he lived he would not have permitted it to have been so occupied if it was unsafe to do so. We may not assume that because he built the building in that form he authorized or expected his executors to make such use of it as they did make without any changes or alterations. Nor does the allegation of nuisance seem to help the case, for certainly such a building so constructed could not be held a nuisance in general unless it was applied to some use making it dangerous to a considerable number of people. The claim of nuisance can be supported only in connection with the use to which the property was put, and not the manner of its construction. For any liability arising out of the acts of the defendants since the death of their testator in connection with this property, either in inviting or permitting plaintiff's intestate to occupy it as a tenant when it was unsafe so to do, or not constructed in accordance with the building ordinances of the city for such a building, or in failing to make the necessary alterations and changes to make it safe, or in permitting oily rags to be left by their agents or employés in such place as to cause this fire, or in failing to attach proper fire escapes, if required by law or the municipal ordinances, the estate of Abraham Boss is not liable. Hence, no action for damages therefor can be maintained against the defendants as executors or trustees. The liability is clearly personal on their part.

In Keating v. Stevenson, 21 App. Div. 604, 47 N. Y. Supp. 847, the late Justice Rumsey considered this question, and held that where trustees under a will were given certain real estate to receive the rents and profits, and pay them over to certain beneficiaries, the liability for defective condition of this real estate, whereby a person lawfully on the premises was injured, was against the trustees as individuals, and not against the estate or the beneficiaries, and he says in the course of his opinion:

"The duty of the care of the property seems to be one that is inherent in the ownership of it, and the distinction seems to be that the person who is legally the owner of the property has imposed upon him, by reason of that ownership, the duty of keeping it in proper repair, and that for a violation of that duty he is personally liable; whereas if he has no title to the property, but simply performs certain duties which are imposed on him with reference to it, his liability is not personal, and grows out of his official situation."

The complaint does not set out any copy of the will of Abraham Boss, nor does it allege what right or interest in this property is given to these executors under that will. Hence, we do not know from anything contained in the complaint whether the defendants have the legal

title to this property by virtue of an express trust, or whether the heirs or devisees of Abraham Boss may be the owners of the property and so liable for its condition. In so far as the plaintiff's case rests upon the contract of leasing to the plaintiff's intestate, the liability of the defendants is clearly personal. In so far as it rests upon the negligence of the defendants' servants in leaving oily rags about the premises, that must be a personal liability; but the liability which attaches to the ownership of the property cannot be fastened upon the defendants, for there is no allegation in the complaint that they are the owners of the property.

It does not seem proper to permit this complaint to be amended with a view to continuing the action against these executors in a representative capacity on such allegations as are now proposed; nor does it seem proper to make an order here for the amendment of the complaint to substitute the defendants individually as the sole defendants, for that is not the relief asked in the notice of motion.

Accordingly, I think the present motion must be denied, with costs, with leave to the plaintiff to renew upon new papers and a new complaint, obviating the defects which are here pointed out.