(79 Misc. Rep. 430.)

### GATTI-McQUADE CO. v. FLYNN.

(Supreme Court, Appellate Term, First Department. February 18, 1913.)

1. EXECUTORS AND ADMINISTRATORS (§ 119*)—TORTS OF ADMINISTRATOR—LIABILITY OF ESTATE.

As an administrator may not bind decedent's estate by continuing to carry on decedent's business, she on committing a tort, either personally or by agent, is liable therefor in her personal capacity alone.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 483; Dec. Dig. § 119.*]

2. PARTIES (§ 71*)—CAPACITY—INDIVIDUAL OR REPRESENTATIVE CAPACITY.

The rule that the omission of the word "as" after the name of a party determines that the action is brought in an individual capacity gives way to any clearly expressed intent, and the character of the action, whether individual or representative, is determined from an inspection of the entire record, which governs in spite of a misdescription in the title.

[Ed. Note.—For other cases, see Parties, Cent. Dig. § 113; Dec. Dig. § 71.*]

3. EXECUTORS AND ADMINISTRATORS (§ 444*)—ACTIONS—INDIVIDUAL CAPACITY.

A complaint in an action based on the negligence of a driver employed by an administratrix in her capacity as such while carrying on decedent's business, which alleges the death of decedent and the granting of letters of administration, and which demands only a money judgment against defendant named, followed by the words "Administratrix of the estate of * * * deceased," but omitting the word "as" after the name, sets forth a cause of action against defendant in her individual capacity.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1813–1817, 1837–1841; Dec. Dig. § 444.*]

Page, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by the Gatti-McQuade Company against Virginia Flynn, administratrix of Patrick H. Keahon, deceased. From a judgment of the Municipal Court of the City of New York dismissing the complaint for failure to file an amended complaint after sustaining a demurrer, plaintiff appeals. Reversed, and new trial ordered.

Argued November term, 1912, before SEABURY, LEHMAN, and PAGE, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Smith & Bowman, of New York City (Harold H. Bowman, of New York City, of counsel), for appellant.

Michael J. Scanlan, of New York City, for respondent.

LEHMAN, J. The complaint in this action is based upon the alleged neglect of a driver employed by the defendant in her capacity as administratrix of one Patrick H. Keahon, and while carrying on the business of the decedent. The complaint also contains allegations as to the death of Patrick H. Keahon, and the granting of letters of administration. It demands no judgment against the estate of decedent, but only a money judgment against the defendant. To this the defendant has interposed a demurrer on two grounds: (1) That there is defect of parties defendants, in that Virginia Flynn individually is a necessary party defendant; (2) that the said complaint does not state facts sufficient to constitute a cause of action.

[1] There is, of course, no doubt but that an administratrix has no right to bind the estate of a decedent by continuing to carry on the business previously conducted by the decedent, and an administratrix committing a tort, either personally or by an agent, is liable for the tort in her personal capacity, and not in her representative capacity. The complaint, therefore, fails to set forth any cause of action against the defendant in her representative capacity, but does set forth a good cause of action against the defendant personally. The demurrer must, therefore, be sustained if the defendant is sued in a representative capacity, and must be overruled if the defendant is sued in her individual capacity. The defendant is named as "Virginia Flynn, administratrix of the estate of Patrick H. Keahon, deceased," and the plaintiff claims that, since the word "as" is omitted, the words following the name must be construed as a mere descriptio personæ, and not as a description of the capacity in which she is sued.

[2] It has been held that:

"The omission of the word 'as,' after the name of a party to an action, determines that the action is brought in an individual and not in a representative capacity, and this irrespective of the words which follow the name, the rule being that whatever words follow in the absence of the word 'as' are descriptio personæ." United Press v. Abell Co., 73 App. Div. 240, 76 N. Y. Supp. 692.

This rule is, however, only a general rule of construction, and, like other rules of construction, must give way to any clearly expressed intent. "But it has been held, on the other hand, that, though there be naught in the title of the process or the complaint to give a representative character to the plaintiff, that the frame and averments and scope of the complaint may be such as to affix to him such character and standing in the litigation." Beers v. Shannon, 73 N. Y. 292. Accordingly, it has been held that, where a plaintiff sues upon a cause of action which could only accrue in his representative capacity, a judgment must be sustained in his favor, although the summons and complaint omit the significant word "as" in the description of the plaintiff. To the same effect, see, also, the headnotes of Stilwell v. Carpenter, 62 N. Y. 639, reported in full in 2 Abbott's N. C. 238. These cases and others of a like nature are not, however, authority

for the view that the omission of the word "as" is not significant of the character in which a party sues or is sued, and that the character of the suit must be determined solely from the averments of the pleadings. The proper construction of the authority of these cases is laid down for us by the Court of Appeals in First National Bank v. Schuler, 153 N. Y. 163, at page 172, 47 N. E. 262, at page 265 (60 Am. St. Rep. 601):

"The cases mainly are of two classes, those where the cause of action was upon a right accruing to the plaintiff or existing against a defendant in a representative capacity, which was imperfectly expressed in the title of the action, and cases where there was an unnecessary addition of a representative title to the name of the party, when, in fact, the cause of action was upon an individual right or obligation. *In these cases it has been held that the title and pleadings may be considered together to ascertain the true nature of the action,* and the action will be treated as an individual or representative one as disclosed upon inspection of the whole record." (Italics are mine.)

In other words, it is the true nature of the action, whether individual or representative, as determined from an inspection of the entire record, which governs in spite of a misdescription in the title of the action.

[3] In this case, however, the complaint sets forth, according to defendant's own claim, an individual action only, the relief demanded is purely individual, and there is no misdescription in the title of the action, but merely a descriptio personæ, which, like all such descriptions, is immaterial where the party is named by his own name. In such a case, where there is no possible ground for holding that the complaint sets forth an action in a representative capacity, we cannot, I believe, hold that the defendant has been summoned into court in a representative capacity alone, when she is not named in a representive capacity. See, also, Leonard v. Pierce, 182 N. Y. 431, 75 N. E. 313, 1 L. R. A. (N. S.) 161.

It follows that the demurrer should be overruled, because there is no defect of parties, since the defendant is in court in her individual capacity, and the complaint sets forth a good cause of action against her.

The judgment appealed from should be reversed and a new trial ordered, with costs to appellant, and the demurrer overruled, with $5 costs, with leave to defendant to answer upon payment of costs in this court and in the court below within six days after service of a copy of the order entered herewith, with notice of entry of said order in the Municipal Court.

SEABURY, J., concurs. PAGE, J., dissents.