GEORGE B. MORSS, Appellant, *v.* FREDERIC B. ALLIN and CATHERINE F. MORSS, Individually and as Trustees under the Last Will and Testament of JOHN B. MORSS, Deceased, and GOTHAM NATIONAL BANK OF NEW YORK, Respondents.

First Department, December 31, 1917.

Will construed — gift with subsequent provision postponing time of enjoyment — creation of trust without words of gift to trustees — power in trust with power of sale.

Where a testator, having given his wife one-third of the income of his estate for life, gave all his real and personal property to his son, save the reservation of income made to the wife, but in a subsequent clause provided that the son, on reaching his majority, should receive $10,000 from the estate to start in business, together with two-thirds of the

income, and that on attaining the age of twenty-eight years he should receive the rest of the property and its increase upon adequately securing the income of the widow, the latter clause postponing the gift of the whole estate to the son is not invalid or ineffective on the theory that it was an attempt to cut down the previous absolute gift to the son. The latter clause does not cut down the son's estate, but merely postpones the time when he shall be entitled to possession of the property.

Where the testator appointed his wife and another person as executrix and executor of the will and appointed them trustees to carry into effect the provisions of the will and endowed them with a power of sale, a valid trust is created, although the estate was not in terms given to the executors in trust. The devise to the executors is implied.

Even if such will were construed as creating the power in trust instead of a trust estate the result would be the same as the executors were given a power of sale.

APPEAL by the plaintiff, George B. Morss, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 16th day of May, 1917, upon the decision of the court after a trial at the New York Special Term.

*Thomas G. Prioleau* of counsel [*George E. Leonard* with him on the brief], for the appellant.

*David B. Simpson* of counsel [*William B. Aitken,* attorney], for the respondents.

SCOTT, J.:

The plaintiff sues the executor and executrix of his father's estate asking that certain paragraphs of the will of the latter be adjudged to be void, and the whole estate, or at least two-thirds part of it, be paid over to plaintiff at once.

The will in question was apparently drawn by an unskilled ·hand, but it is none the less easily intelligible, and as we think entirely valid.

By the 1st clause the testator gives to his wife one-third of the income of his estate for life.

The disputed clauses read as follows:

" Paragraph 2. I bequeath all my personal property and devise all my real property absolutely to my minor son George B. Morss, save and except that, in paragraph 1 of the will, I reserve to my wife one-third of the income therefrom during her life.

" Paragraph 3. I appoint my said wife Catherine F. Morss and Frederic B. Allin of New York City, guardians of my said minor child George B. Morss until he come of age, and also appoint my said wife executrix and said Frederic B. Allin executor of this my last will and testament, and I also appoint them trustees of all my property to carry into effect the provisions of this will until my son George B. Morss attains the age of twenty-eight years; and to the end that this my will may not fail of its purpose, I empower my said executor and executrix and trustees aforesaid to sell and convey any portion of my land or personal property whenever and as they shall deem for the best interests of the estate.

" Paragraph 4. On my son attaining the age of twenty-one he shall receive out of my estate ten thousand dollars as a start in business life and shall receive two-thirds of the income of my estate, and so soon after attaining the age of twenty-eight years, as he shall assure by adequate security to my wife her one-third of the income of my estate my son shall receive all the rest of my property and its increase."

The objections which plaintiff makes to the validity of the will are in brief that while by the 2d paragraph the whole estate is given absolutely to him, there is an attempt, which he deems ineffective, in the subsequent paragraphs to cut down the estate, and further that since the will contains no words of gift to the executors, no valid trust is created.

These objections we consider unfounded. It is true that in the 2d paragraph the testator gives the whole estate to his son, and if the will contained nothing further the latter would be entitled to its immediate possession. It was within the power of the testator, however, to postpone the period at which the estate should vest in possession and this he has done by providing that $10,000 should be paid to the son when he should arrive at the age of twenty-one years, and the remainder so soon after he arrives at the age of twenty-eight years (which has not yet occurred) as he should assure by adequate security the payment of one-third of the income to the widow for her life. There is clearly no illegality in this provision which does not even cut down the son's estate, but merely postpones the time when he shall be entitled to possession of the property.

As to the trust provision contained in the 3d and 4th paragraphs it is true that the testator does not in terms give the estate to his executors in trust, but in every other particular a valid and conventional trust is created.  In such a case the devise to the executors in trust will be implied, as has frequently been done in similar cases.  (*Marx* v. *McGlynn*, 88 N. Y. 357; *Close* v. *Farmers' Loan & Trust Co.*, 195 id. 92; *Mee* v. *Gordon*, 187 id. 400.)  Even if the provisions of the will were to be construed as creating a power in trust, instead of a trust estate, the result would be the same for there is now little or no real difference in substance or effect between a power in trust, and a trust estate except that in the case of a power the trustee does not hold the legal estate, a matter which is of no consequence in the case of this estate since the executors, as such, are given a power of sale.  (Consolidators' note to Real Prop. Law [Consol. Laws, chap. 50; Laws of 1909, chap. 52], § 96; *Tilden* v. *Green*, 130 N. Y. 29, 53.)

We find no legal objection to the will in question, and the judgment appealed from is, therefore, affirmed, with costs.

CLARKE, P. J., SMITH, PAGE and SHEARN, JJ., concurred.

Judgment affirmed, with costs.