In the Matter of the Construction of the Will of Sheldon E. Bancroft, Deceased.

Surrogate's Court, Monroe County, December 2, 1949.

*Gilbert A. Nusbaum* for Genesee Valley Trust Company, as administrator *c. t. a.* and trustee under the will of Sheldon E. Bancroft, deceased, petitioner.

*John G. Shaw* for John W. Luther & Co., a creditor, respondent.

*Alan M. Hill,* special guardian for Carol B. Clark and another, infants, respondents.

WITMER, S. The testator died on February 24, 1949, and his will, dated February 11, 1948, was admitted to probate on February 28, 1949. For years prior to his death the testator had owned and operated an unincorporated automobile sales and service business in Rochester, New York, under the name of Bancroft Motors. He designated two of his able and faithful employees as executors and trustees of his will. They qualified but then were permitted to resign, and the petitioner herein was named to succeed them in both capacities. The petitioner took immediate steps to incorporate the business and secure a new sales contract with the car manufacturer with whom the testator had previously dealt; and through the new corporation the petitioner has continued the testator's said business. The petitioner now seeks construction of the will to determine its right as administrator *c. t. a.* and as trustee to continue, through the corporation, to conduct the testator's said business. It appears that there are some creditors of the testator whose claims are substantial and remain unpaid; and that the business has been profitable for the past few years, including the period since the testator's death, but that some loss may be anticipated from now until the spring sales begin. The petitioner alleges its belief that it will be to the best interests of the estate for the business to be continued, at least until a suitable purchaser thereof may be found.

By his will the testator gave the bulk of his estate to his trustees to hold for the use of his wife for life, and upon her death to hold the same for the benefit of the testator's daughter until she shall attain the age of forty years when one half of the corpus of the trust is to be paid to her, and the balance of the trust is to be paid to her at forty-five years of age; but if she die before attaining such respective ages, the corpus or the remainder thereof shall be paid to her children her surviving. The daughter has two children, the infant remaindermen, respondents herein. The testator provided in paragraph " Fourth " of his will that his trustees have " authority to hold as a part of the trust funds herein created any securities or property which I may own at my decease, and also to invest and reinvest the principal of such trust funds in such securities, including common stocks, as in their judgment shall be wise and proper and for the best interests of said trust estate, nothwithstanding that such investments, or any of them, are not of the class legal for investments by trustees." In paragraph " Fifth " the testator provided: " My trustees shall have full power * * * generally to exercise in respect to all securities and property held by them as trustees all the rights and powers which are or may be exercised by individuals on a similar property in their own right."

The petitioner contends that the will authorizes it to continue the testator's business. One creditor who has appeared herein denies that the will grants such authority, but consents to the entry of an order authorizing the continuance of the business for a limited period of time. The special guardian takes the same position.

It is evident that no express authority to continue the testator's business is contained in the will. The petitioner urges, however, that the testator's intention that the business should be continued by his fiduciaries is to be implied from the fact that the testator designated as executors and trustees two of his employees who were active with him in the business. That is by no means the only deduction which may be drawn from such designation, and it is obviously not a necessary implication. The testator may have felt that his designated executors were best qualified to liquidate his business. At any rate they are no longer fiduciaries of his estate.

The Court of Appeals has said that " the intention of a testator to confer upon an executor power to continue a trade must be found in the direct, explicit and unequivocal language

of the will or else it will not be deemed to have been conferred". (*Willis* v. *Sharp,* 113 N. Y. 586, 590; *Matter of Gorra,* 135 Misc. 93; *Matter of Sohn,* 75 N. Y. S. 2d 793, 796.) In the absence of testamentary expression of the testator's intention, "by the general rule the death of a trader puts an end to any trade in which he was engaged at the time of his death, and an executor or administrator has no authority *virtute officii* to continue it, except for the temporary purpose of converting the assets employed in the trade into money." (*Willis* v. *Sharp, supra,* p. 589; *Matter of Glass,* 134 Misc. 291; *Matter of Ferrante,* 190 Misc. 788.) The fact of the incorporation of the business, control of which remains in the executor, does not affect the application of this principle. (*Farmers' Loan & Trust Co.* v. *Pierson,* 130 Misc. 110; *Matter of Stulman,* 146 Misc. 861, 874; *Matter of Steinberg,* 153 Misc. 339, 346.) It is held, therefore, that the petitioner has no special authority by virtue of the testator's will to continue the testator's business.

The court has no inherent power to enlarge upon the testator's will and grant authority not therein contained. Moreover, the court cannot relieve a fiduciary from the risks of his office. There being no express authority to carry on the business of the testator herein, some principles involved by reason thereof will be stated for the guidance of the petitioner.

As appears from the authorities stated above an executor does have authority to continue the testator's business temporarily in order to protect the standing of the business and sell it as a going concern or otherwise, and avoid the loss which an immediate discontinuance of the business and consequent liquidation might entail. Such preservative measures and temporary conduct of business, however, are to be distinguished from carrying on "business as usual" (see 2 Butler on New York Surrogate Law and Practice, § 1332), and the fiduciary is primarily charged with the duty of liquidating the estate assets as soon as is practicable.

Where all creditors of the estate and all persons interested therein expressly authorize an executor to continue the business, he may do so. (*Philco Radio & Television Corp.* v. *Damsky,* 250 App. Div. 485.) However, unless such authorization provides for use of general estate assets in the business, only the business assets will be deemed to be at the executor's disposal for use in the business. (*Willis* v. *Sharp,* 113 N. Y. 586, *supra; Thorn* v. *De Breteuil,* 179 N. Y. 64, 78; *Matter of Gorra,* 135 Misc. 93, 98, *supra.*)

Although all of the parties appearing herein consent to the continuance of the business by the petitioner for a few months, they do not constitute all of the creditors and interested persons. Hence the petitioner is not now in a position to proceed to conduct the testator's business under the protection which it seeks herein.

Submit decree construing will in accordance herewith.