John J. Bennett, S.
The decedent died on October 14, 1960 leaving a will wherein Seymour M. Litman was named executor. Objections to the probate of the will were filed by an alleged son of the decedent and letters testamentary were not issued to Mr. Litman until March 2,1962. He served as temporary administrator from January 26,1961 until he was appointed executor.
The decedent’s estate included a wholly owned corporation known as Gibson’s Fish and Chips, Inc. Objections were filed by the special guardian to the final accounting of the temporary administrator and his intermediate accounting as executor on the grounds that he continued to conduct the business of the corporation and used general assets of the estate in that business.
A temporary administrator has no authority under section 127 of the Surrogate’s Court Act to continue a business and must liquidate same (Matter of Dennis, 136 N. Y. S. 2d 84), except where an order pursuant to section 127 (Matter of Dennis, supra) has been issued authorizing the continuation of the business for such time as fixed by the Surrogate. No order has been requested to continue said business.
However, unlike a nonincorporated business, a temporary administrator for an estate of a decedent who wholly owned a corporation is not required to obtain authorization to continue said business (Matter of Dix, 34 Misc 2d 421).
The executor contends he had authority to conduct the business by provisions set forth in the decedent’s will. Paragraph “Sixth” provides: ‘1 When my daughter, Gail Lou Gibson, attains the age of twenty-five years, she shall become general manager of the restaurant heretofore managed by me and licensed by the State of New York. Said position shall be retained solely by my said daughter until my son, Bennie Gibson, Jr., shall attain the age of twenty-five years, at which time the general management and supervision thereof shall be exercised jointly by my said children. It is my wish that Charles Hudson and Shirley Fields shall remain as employees of said licensee for as long as they shall continue to work for the benefit of said restaurant, provided they are so employed at my death.”
The executor further claims that paragraph “Seventh”, which states in part, “ In so far as may be permitted by law, he [the executor] shall not be liable for any act or omission in con *956 nection with the administration of my estate or any of the trusts or powers hereunder nor for any loss or injury to any property held in or under my estate or any of said trusts of powers ”, gives him the necessary power to continue the business.
Paragraph “ Seventh ” would be against public policy if it exonerated the fiduciary from liability for failure to exercise “ reasonable care, diligence and prudence ” (Decedent Estate Law, § 125; Matter of Brush, 46 Misc 2d 277), and said paragraph does not in any way authorize the executor to continue the business.
Generally a fiduciary may not continue the decedent’s business (Matter of Bancroft, 196 Misc. 787) unless explicit and specific authority may be found in the decedent’s will (Willis v. Sharp, 113 N. Y. 586; Matter of Blaszkiewicz, 33 Mise 2d 884; Matter of Gorra, 135 Misc. 93), or if it is continued temporarily for the purpose of liquidation (Matter of Ridosh, 5 A D 2d 67).
££ In continuing a business * * * [n] o definite rules have been established by the courts. Each case will be decided upon its own facts and circumstances” (3 Warren’s Heaton, Surrogates’ Courts [6th ed.], § 245, par. 3, p. 266).
“If the court upon reading the will in this setting discerns a dominant purpose or plan of distribution, the individual parts of the will must be read in relation to that purpose and given effect accordingly ” (Matter of Fabbri, 2 N Y 2d 236, 240).
The court finds that in reading paragraph 1 ‘ Sixth ’ ’ of the will, the intent is clear that the decedent wished to have his children carry on his business and it would, therefore, be necessary to have the executor carry on the business until the trustees and said children could take over the business.
However, even when a fiduciary continues a decedent’s business with authority, he is individually liable for all contracts and obligations incurred in the operation of the business, and although he may be entitled to reimbursement if he acted prudently, obligations are primarily his (Matter of Blaszkiewicz, supra; Matter of Munzor, 4 Misc. 374). The special guardian in his objections of June 10, 1963, objects to some of the expenses of the temporary administrator and executor in conducting the business. An executor can be held liable to the estate for losses to the estate in the operation of a business due to his fault (Matter of Horowitz, 297 N. Y. 252). A hearing will be necessary to determine the validity of said objection.
The question remains whether or not the accounting party, first as temporary administrator and later as executor, had the right to use general estate assets in conducting the business. The accounting submitted indicates that the business had suf *957 fered losses and that rental income of the estate property and other funds of the general estate were loaned or turned over to the corporation.
‘ ‘ It seems also to he a well established rulé that at least in the absence of a testamentary provision to the contrary where a business is carried on by executors under authority conferred by decedent’s will they can use only such assets of the estate as were already invested in the business at the time of decedent’s death” (3 Warren’s Heaton, Surrogates’ Courts, § 245, par. 2, subd. [b], p. 263; see Willis v. Sharp, supra; Matter of Hickey, 34 Misc. 360; Matter of Blaszkiewicz, supra; Matter of Gorra, supra; Thorn v. De Breteuil, 179 N. Y. 64; Third Report of Temporary State Comm. on Modernization, Revision and Simplification of Law of Estates, N. Y. Legis. Doc., 1964, No. 19, Appendix E, pp. 301-303 [889-891]). Only debts incurred by the business during the decedent’s lifetime may be paid by general assets after business assets are exhausted (Matter of Aboff, 142 N. Y. S. 2d 817).
The executor contends that the testator intended the continuation of the business and when the will is read as a whole, there is authority to use general estate assets to continue the business. He further contends that paragraph ‘ ‘ Sixth ’ ’ quoted heretofore, and the powers to “hold, invest and reinvest” as set forth in paragraph “ Ninth ” of the last will and testament support his position.
The court has determined from reading the last will and testament in its entirety, that the executor could continue the operation of the business, but no authority can be inferred from reading said will that general assets of the estate could be used to continue the business. Such an authorization cannot be inferred from a construction that the business could be continued. Authority to use said assets must be authorized by the testator (Willis v. Sharp, supra; Matter of Hickey, supra; Matter of Gorra, supra). No such authority exists.
The provisions of paragraph “ Sixth ” of the decedent’s last will and testament have been covered heretofore and it in no way authorizes the use of general assets of the estate to be used to continue .the business.
As for paragraph “Ninth”, a testamentary trustee may invest and reinvest in nonlegal investments only when the will explicitly provides for same (3 Warren’s Heaton, Surrogates’ Courts, § 266, p. 486; see Matter of Walbridge, 138 N. Y. S. 2d 847). Authorization to permit a testamentary trustee to retain testator’s nonlegal investments does not constitute authority to make new investments in nonlegal securities (Matter of Gillis, *958 117 N. Y. S. 2d 454; Matter of Taylor, 6 Misc 2d 60, affd. 6 A D 2d 756; Matter of Westerfield, 193 Misc. 443, mod. on other grounds 278 App. Div. 153, affd. 303 N. Y. 916).
The court, therefore, holds that the temporary administrator and now executor had the power to continue the business prudently but did not have authority to use general estate assets to run the business. A hearing will be necessary to determine if the business was conducted prudently as set forth heretofore, and also to establish what funds of the general estate were used to continue the business without authority.
The matter will appear on the calendar on August 11, 1965, at 10:30 a.m., for a hearing of the issues raised herein in accordance with the court rules, simultaneously with a hearing on a pending application to pay an advancement on legacies.
An interim decree may be settled at this time if desired by counsel on five days’ notice, with three additional days if service is made by mail, or this decision may be incorporated in the final decree to be entered herein after the hearing.