In the Matter of the Judicial Settlement of an Account of Proceedings of the UNITED STATES MORTGAGE AND TRUST COMPANY, as Substituted Trustee under the Last Will and Testament of MATTHEW BYRNES, Deceased, Respondent.

JOSEPH C. L. BYRNES, Appellant.

First Department, July 12, 1906.

Trust — liability of executor who carries on business with moneys of estate — rule as to trustee — when trustee carrying on business not allowed to amend account so as to exclude receipts and disbursements.

When an executor or administrator continues the business of the decedent without authority, or uses the money in his own business the act is unlawful and the estate is not liable for any loss incurred, while the executor is chargeable with interest on the money wrongfully used, or at the election of those interested he is chargeable with the profits made.

But in the latter case the burden is upon those claiming the profits to show the amount thereof and the executor is not required to file an itemized account of receipts and disbursements or vouchers therefor.

*Quære*, as to whether the above rules apply to the trustee of an express trust, who carries on such business without authority.

But in any event a trustee who has carried on a business with the trust funds, alleged to be unauthorized, and who on his accounting has filed a schedule of receipts and disbursements, should not be allowed to substitute therefor an amended account not showing the receipts and disbursements, unless on the motion for permission to make the substitution he alleges that the business carried on by him was unauthorized.

APPEAL by Joseph C. L. Byrnes from an order of the Surrogate's Court of New York county, entered in said Surrogate's Court on the 3d day of January, 1906, granting a motion made by the United States Mortgage and Trust Company, as substituted trustee, etc., to amend its account theretofore filed in this proceeding, and to file an amended account.

The United States Mortgage and Trust Company was substituted under the last will and testament of Matthew Byrnes, deceased, on the 16th day of November, 1898, as trustee in place of Fernando Baltes, who was removed by order of the court. On the 7th day of May, 1903, the trust company filed its account covering the period from July 1, 1901, when it last accounted, to February 16, 1903. On the 13th day of July, 1903, it filed a supplemental

account covering the period from February seventeenth to June thirtieth of that year. Citations for a judicial settlement of the account were duly issued and served upon all parties interested.

It appears that the former trustee began the erection of the apartment hotel known as "The Lorraine" on property of the estate at the southeast corner of Fifth avenue and Forty-fifth street, and that the building had not been completed at the time of his removal and of the substitution of the trust company. The substituted trustee continued the work and completed the building about the 1st day of February, 1899, but it was unable to make a satisfactory lease of the hotel until the 24th day of November, 1902. There was a mortgage of $1,000,000 upon the property, and with a view to meeting the current charges the trustee operated the hotel between the date of its completion and the time it was able to lease the same.

During the time the trustee operated the hotel it kept a complete set of books and endeavored, so far as practicable, to keep vouchers for all disbursements in conducting the business.

The first account which the trustee filed covered the period from its appointment to the 1st day of July, 1901, and contained an itemized statement of receipts and disbursements in connection with the business of running the hotel. The second account which the trustee filed and the supplemental account likewise contained itemized statements of the receipts and disbursements in conducting the hotel business. The first account was judicially settled as filed without objection. Certain beneficiaries filed objections to the second account and to the supplemental account, and the court referred the matter to a referee "to examine said account and objections, to hear and determine all questions arising upon the settlement of said account which the surrogate has power to determine, and to make report to the court." Before the matter was brought to a hearing on the reference the trustee made a motion, on notice to all parties interested, returnable before the referee, for leave "to amend the said account and supplemental account, by eliminating therefrom all items of receipts and disbursements of said business and by including therein and charging itself with the amount of profits of the business as one item." The referee refused to grant the motion unless the trustee would concede upon the record that it conducted the hotel business without authority. The trustee thereupon

requested that before it be compelled to make an election, the referee report his decision to the surrogate " to the end that the same may be reviewed and the question of the allowance of such amended account and the conditions, if any, upon which it should be allowed may be finally determined before proceeding with the hearings herein." All interested parties acquiesced in this suggestion and the referee filed a report of his decision. The trustee and the appellant Byrnes, one of the beneficiaries, filed objections to the report. Byrnes objected upon the ground that the trustee should not under any circumstances be permitted to file the amended account, and the trustee objected upon the ground that it should be permitted to file the amended account unconditionally. The matter was then heard by the surrogate, who reversed the order of the referee in so far as it imposed the condition, and permitted the trustee to file the amended account unconditionally. The order of the surrogate modifying the decision of the referee provides that objections to the amended account may be filed and that thereupon the amended account and objections be remitted to the referee " with all the powers contained in the original order of reference herein for further hearing and report." Byrnes appeals to this court from each and every part of the last order of the surrogate.

The objections to the account and to the supplemental account were to items of disbursements therein aggregating $116,804.46, for which, it is claimed, no vouchers were filed. The aggregated amount of disbursements for which it is claimed that vouchers were not presented consists of three items, as follows : " Petty cash," $32,285.49 ; " pay roll," $83,121.09 ; " sundries," $1,397.88. The trustee claims that most of the total " petty cash " disbursements came back into its hands and is accounted for in the moneys received from the hotel business. Its explanation of this is that a fund of $4,000 was placed in the hands of the manager of the hotel when it was opened, to be used in payment of necessary cash disbursements and that those disbursements principally consisted in advances to guests which were charged to and subsequently paid by the guests with their bills, and the whole deposited in the bank to the credit of the trustee, and that the amounts of such advances were then in each case remitted to the manager for the purpose of maintaining the fund of $4,000. The disbursements for the items

designated "pay roll" were for wages and salaries of the employees of the hotel and for the aggregate of this item vouchers signed by the manager of the hotel, showing the receipt of the money by him, were filed, to which as to about $70,000 of the aggregate was attached a pay-roll sheet containing the names of the employees and the amounts paid to them and their receipts therefor. The trustee also claims that it has filed proper vouchers for all of the disbursements designated "sundries," excepting $372.89.

In the amended account which the surrogate allowed to be filed the trustee charges itself with the balance of the property of the estate in its hands as shown by the prior accounting and with property subsequently received by it except from the hotel business and with the profits of the business of the hotel amounting to $160,655.38. The gross receipts and disbursements and the items of the hotel business as set forth in the original and supplemental accounts are omitted from the amended account. The amended account was evidently filed with a view to relieving the trustee of the burden of proving the disbursements itemized in the account and supplemental accounts for which vouchers were not presented and to which objections were filed.

*Henry T. Fay*, for the appellant.

*Addison C. Ormsbee* [*Jordan J. Rollins* with him on the brief], for the respondent.

LAUGHLIN, J.:

By virtue of the provisions of section 2802 of the Code of Civil Procedure, section 2729, regulating an accounting by an executor or administrator, is rendered applicable to accountings of testamentary trustees. Section 2729, so far as material, provides as follows: " * * * On an accounting by an executor or administrator, the accounting party must produce and file a voucher for every payment, except in one of the following cases:

"1. He may be allowed, without a voucher, any proper item of expenditure, not exceeding twenty dollars, if it is supported by his own uncontradicted oath * * *.

"2. If he proves by his own oath or another's testimony, that he did not take a voucher when he made the payment, or that the

First Department, July, 1906. [Vol. 114.

voucher then taken by him has been lost or destroyed, he may be allowed any item, the payment of which he satisfactorily proves by the testimony of the person to whom he made it; or, if that person is dead or cannot after diligent search be found, by any competent evidence other than his own oath or that of his wife. * * *."

The theory upon which the trustee moved for leave to file the amended account evidently is that it is entitled to the benefit of the rule applicable to executors and administrators who without authority continue the business of the testator or decedent or use the funds of the estate in their own business. It is the duty of an administrator or executor, unless the will of the testator otherwise directs, to collect the debts and obligations owing to the estate *and close out the business*, if any, of the decedent or testator with all reasonable dispatch, and to apply the moneys coming into his hands in satisfaction of the debts owing by the decedent or testator and distribute the surplus after deducting the expenses of administration according to the Statute of Distribution or the directions of the will. If in violation of this duty the administrator or executor continues the business or uses the money in his own business, his act is wrongful and the estate is not liable for any obligation incurred or loss sustained, and he may be charged interest upon the money thus wrongfully used, or, at the election of those interested, with the profits made in the business in which it is used; but in that event the burden is upon them to show the amount of the profits, and the business being unlawful and his own so far as the estate is concerned, he is not required to file an itemized account of the receipts and disbursements therein, or vouchers for such disbursements. (*Estate of Munzor*, 4 Misc. Rep. 374; *Matter of Peck*, 79 App. Div. 296; affd., 177 N. Y. 538; *Matter of Suess*, 37 Misc. Rep. 459, 461; *Willis* v. *Sharp*, 113 N. Y. 591; *Kenyon* v. *Olney*, 39 N. Y. St. Repr. 839.)

The referee undoubtedly was authorized to allow the trustee to file an amended account in a proper case (*Estate of Munzor*, *supra*); but the trustee filed the original and supplemental accounts upon the theory that the business in which the money was used was not his individual business, but that of his *cestui que trust*. The amended account is not filed for the purpose of supplying any omission or correcting any error in the original or supplemental accounts.

The provisions of the will creating the trust are not set forth, nor is it alleged that the business of conducting this hotel was not authorized by the will ·or by the beneficiaries.    If in any case a trustee could be heard to say on a voluntary accounting, that, in investing the money of the estate, he had departed from his authority under the will and engaged in a private venture on his own account, which proved profitable, but that merely because it was not authorized by the will he only charged himself with the amount of the estate that came into his hands and interest thereon, which it is unnecessary now to decide, it seems quite clear that it would be incumbent upon him to show that the business in which he used the trust fund was not authorized by the will or by the beneficiaries, and especially should this be true where he applies for leave to amend, in this respect, an account once filed by him.

We are of opinion, therefore, that the moving papers were wholly insufficient to authorize the filing of the amended account.    The amended account becomes a substitute for the original and supplemental accounts.    The order of the court authorizing the trustee to file the amended ·account constitutes a decision that the trustee is only obliged to account for profits, because if it were not so, the original and supplemental accounts should have been allowed to stand as the basis of the accounting, whereas under the order from which the appeal is taken, the amended account is in effect a substitute therefor.    It seems extremely doubtful whether in any case the rule applicable to an administrator or executor continuing a business without authority, is applicable to a trustee, but since the facts material to present any phase of that question for decision are not contained in the record, we refrain from expressing a definite opinion thereon.

It follows that the order should be reversed, with ten·dollars costs and disbursements, and motion to file the amended account denied, with ten dollars costs.

O'BRIEN, P. J., PATTERSON, McLAUGHLIN and HOUGHTON, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.    Order filed.