In the Matter of the Accounting of CONCETTA VERNACCHIA, as Administratrix of the Estate of PASQUALE FERRANTE, Deceased,

Surrogate's Court, Bronx County, November 26, 1947.

*Anthony Serpone* for Concetta Vernacchia, as administratrix, petitioner.

*Edward A. McInnes* for Consul General of Italy on behalf of distributees.

*Albert J. Hiers* for New Amsterdam Casualty Co.

HENDERSON, S. The decedent herein was the owner of a bakery business. In 1925 he went to Italy where he resided until his death. In 1938 he employed his daughter, the administratrix, to operate this business for him. She was allowed a salary for so doing.

The decedent died in August 1943, survived by a widow and eleven children, all of whom, with the exception of the administratrix, reside in Italy.

Letters of administration were issued to the daughter on August 20, 1945.

The present proceeding is brought by the administratrix to judicially settle her account.

It appears from such account that the administratrix has continued the bakery business up to the present time and has

succeeded in making a profit therein. The account also shows that the petitioner, during the period of the administration, has paid herself a salary of $9,052.

Objections to the payment of such salary have been filed.

The general rule of law is that, except for the temporary purpose of liquidation, an executor or administrator has no authority to continue the business of a decedent (*Willis* v. *Sharp,* 113 N. Y. 586).

When the administratrix herein continued the operation of this business, the act was unlawful. By her conduct, the decedent's business became her own, although accountable to the estate for the profits made therein (*Willis* v. *Sharp, supra; Matter of Peck,* 79 App. Div. 296, affd. 177 N. Y. 538; *Matter of United States Mortgage & Trust Co.,* 114 App. Div. 532). And since the administratrix is not permitted to deal with the estate property so as to gain any advantage directly or indirectly for herself, she cannot retain any portion of the profits as compensation for her services (*Matter of Peck, supra*).

There is no justification for the payment of this salary by reason of the fact that she had conducted the business at a salary in the decedent's lifetime (*Matter of Hayden,* 54 Hun 197, affd. 125 N. Y. 776), or that for the performance of the services rendered by her, she might have employed and compensated another therefor (*Matter of Popp,* 123 App. Div. 2).

The estate has gained a decided advantage as a result of the conduct of the administratrix and the court is constrained to quote the language of PARKER, P. J., in *Matter of Peck* (79 App. Div. 296, 301, *supra*), to wit: " * * * it seems to be an ungracious objection on the part of the beneficiaries that will deprive " the administratrix " of all compensation for services that have so resulted."

This objection is sustained.

Upon consent, the administratrix will also be surcharged the sum of $27.35 interest, and credit for the payment of the additional sum of $89.20 as set forth in the supplemental affidavit, will be denied.

That part of the petition which seeks the sale of decedent's realty and bakery business, granted.

Intermediate order signed.

Settle decree.